UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

THOMAS GESUALDI AND FRANK FINKEL, as
Trustees of Local 282 International
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training, and           **ORDER ADOPTING REPORT**
Vacation Sick Leave Trust Funds,              **AND RECOMMENDATION**

                Plaintiffs,     11-CV-1445 (KAM)(VVP)

   -against-

GREENWOOD 2 INC.,

                Defendant.
----------------------------------------X
**MATSUMOTO, United States District Judge:**

        Plaintiffs, Thomas Gesualdi and Frank Finkel as trustees and fiduciaries of the Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training, and Vacation Sick Leave Trust Funds (the "Trustees" or "plaintiffs"), brought this action against Greenwood 2 Inc., ("Greenwood" or "defendant"), pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, seeking to recover certain unpaid contributions due to employee benefit plans pursuant to a Collective Bargaining Agreement ("CBA") between Local 282 ("the Union") and defendant. (*See generally* ECF No. 1, Complaint filed 3/24/11 ("Compl.").) In addition, plaintiffs seek interest on those unpaid contributions, liquidated damages, reasonable attorney's fees, and costs. (*Id.* at 5-6.)

        On July 1, 2013, the Honorable Viktor V. Pohorelsky

granted defense counsel's application to withdraw as counsel. (ECF No. 33, Order Granting Mot. to Withdraw dated 7/1/13.) Defendant was ordered to obtain a new attorney and have the attorney file a notice of appearance within 30 days. (*See* Order Granting Mot. to Withdraw.)  Defendant did not comply with Magistrate Judge Pohorelsky's Order and is unrepresented by counsel.  As a corporation cannot appear *pro se*, *see Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 187 (2d Cir. 2006), on August 22, 2013, plaintiffs filed a motion for the entry of default judgment against defendant for failure to defend against the complaint.  (ECF No. 36, Pls.' Mot. dated 8/22/13.)  On August 29, 2013, this court referred the motion to Magistrate Judge Pohorelsky to conduct a damages inquest and to issue a Report and Recommendation ("R&R").  (*See* Order dated 4/29/13.)

Presently before the court is the R&R issued by Magistrate Judge Pohorelsky on March 12, 2014, recommending this court grant plaintiffs' motion for a default judgment and enter default judgment against defendant in the following amounts: $545,334.80 in unpaid contributions due to the benefit plans; $293,405.05 in interest on the unpaid contribution through March 14, 2014, plus $268.93 per day thereafter to the date of judgment; $7,485.42 in interest on the late paid contributions; an additional award of $300,890.50 in liquidated damages for unpaid contributions through March 14, 2014, plus $268.93 per day

thereafter to the date of judgment; and attorney's fees and costs in the amount of $23,841.96. (ECF No. 47, Report and Recommendation dated 3/12/14 ("R&R") at 16-17.)

Notice of the R&R was sent electronically to the plaintiffs via the court's electronic filing system on February March 12, 2014. In addition, plaintiffs mailed a copy of the R&R to defendant on March 17, 2014. As explicitly noted at the end of the R&R, any objections to the R&R were to be filed within fourteen days of service. (R&R at 11.) In addition, the docket entry for the R&R noted that objections were due by March 31, 2014. (*See* ECF No. 47.) The statutory period for filing objections has expired, and no objections to Magistrate Judge Pohorelsky's R&R have been filed as of the close of business on March 31, 2014 at 6:00 p.m.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. State of New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a review of the R&R, and considering that the

parties have failed to object to any of Magistrate Judge Pohorelsky's thorough and well-reasoned recommendations, the court finds no clear error in Magistrate Judge Pohorelsky's R&R and hereby affirms and adopts the R&R as the opinion of the court in its entirety.

The court grants plaintiffs' motion for entry of a default judgment and orders default judgment to be entered against defendant in the following amounts: $545,334.80 for unpaid benefit plan contributions; $293,405.05 in interest on the unpaid contributions through March 14, 2014, plus $268.93 per day thereafter to the date of judgment; $7,485.42 in interest on the late paid contributions; an additional award of $300,890.50 in liquidated damages through March 14, 2014, plus $268.93 per day thereafter to the date of judgment; and $23,841.96 in attorney's fees and costs.

Plaintiffs are directed to serve a copy of this Order and Judgment on defendant at its last known address, and file proof of service on ECF within three days of the date of this Order. The Clerk of Court is respectfully requested to enter judgment in accordance with this Order and to close this case.
**SO ORDERED.**

Dated:   March 31, 2014
         Brooklyn, New York

                                    _____/s/_____
                                    **Kiyo A. Matsumoto**
                                    United States District Judge
                                    Eastern District of New York